United States District Court
Southern District of Texas
**ENTERED**
April 24, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| LINDA V. LEYVA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:25-CV-00059 |
| | § | |
| HUNTER-KELSEY OF TEXAS LLC - | § | |
| CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

On November 24, 2025, United States Magistrate Judge Jason B. Libby issued his "Memorandum and Recommendation to Dismiss" (D.E. 13), recommending that the Court dismiss all of the claims in Plaintiff Linda V. Levya's Amended Complaint (D.E. 12). Plaintiff was provided proper notice of, and opportunity to object to, the Magistrate Judge's memorandum and recommendation ("M&R"). Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. Plaintiff filed her objections with the Court on December 2, 2025.[1] D.E. 14.

---

[1] In her objections, Plaintiff objects to the Magistrate Judge's denial of her motion for appointed counsel, which was in a separate order from the M&R. *See* D.E. 14, pp. 1-2. The Court construes that objection as an appeal of a nondispositive matter and addresses that appeal in a separate order.

1 / 4

## STANDARD OF REVIEW

Objections must point out with sufficient particularity any alleged error in the magistrate judge's analysis; otherwise, they do not constitute proper objections and will not be considered. Fed. R. Civ. P. 72(b); *see Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("[P]arties filing objections must specifically identify those findings objected to."). After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. Fed. R. Civ. P. 72(b). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

**Magistrate Judge's Dismissal.** Plaintiff first objects generally to the Magistrate Judge's "premature" recommendation to dismiss Plaintiff's complaint. D.E. 14, pp. 2-4. Plaintiff also states that the Magistrate Judge appears "confused" and failed to understand her claims. The Magistrate Judge's recommendation is not premature, considering that her pleading is subject to initial screening and Plaintiff was previously given an opportunity to amend her complaint prior to dismissal. Further, the objection fails to point out specific error in a particular finding or conclusion and is merely conclusory. This objection is thus **OVERRULED**.

Next, Plaintiff asserts that pro se complaints are to be held to less stringent standards. D.E. 14, pp. 2-3. The M&R recites the appropriate standard for reviewing pro

se complaints. *See* D.E. 13, p. 8. The Court finds that the Magistrate Judge correctly applied that standard by liberally construing Plaintiff's claims. This objection is **OVERRULED**.

**Federal Claims.** Plaintiff also objects that she adequately alleged each of the four federal causes of action in her complaint. D.E. 14, p. 3. Plaintiff argues that she adequately alleged a claim under 42 U.S.C. § 1983 by alleging a Fourteenth Amendment violation committed by a person acting "under color of law." *Id.* This assertion does not address the Magistrate Judge's concern that she failed to allege facts regarding any state actor violating a federal right, which is a required element of that claim. *See* D.E. 13, p. 11. This objection is therefore **OVERRULED**.

Next, she objects that she stated a claim under 42 U.S.C. § 1981 because she adequately alleged "[r]acial discrimination on the basis of race/ethnicity in part of all defendants involved." D.E. 14, p. 3. She likewise insists that her claim under 42 U.S.C. § 1985 sufficiently alleged that "Defendants conspired to deprive her civil rights and equal protection with their actions." *Id.* The Magistrate Judge found that Plaintiff's allegations for both claims were conclusory and contained insufficient factual predicate. D.E. 13, p. 12. Plaintiff's reassertions of her conclusory allegations do not cure her complaint's factual deficiencies. These objections are thus **OVERRULED**.

Finally, regarding her attempt to state a claim arising under the Federal Arbitration Act (FAA), Plaintiff contends that the "FAA supersedes the Texas Arbitration Act" and that two defendants violated the terms of the arbitration agreement in this case. D.E. 14, p. 3. The Magistrate Judge explained that the FAA does not create an independent basis for

federal subject matter jurisdiction, and Plaintiff again fails to demonstrate any basis for federal jurisdiction over this claim. This objection is **OVERRULED**.

### CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections and all other relevant documents in the record, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 13). Accordingly, the Court **DISMISSES with prejudice** Plaintiff's federal claims and **DISMISSES without prejudice** her state law claims.

**ORDERED** on April 24, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE